**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                                          NO. 2:00cr214

LANIER TYRICE DUDLEY,

      Defendant.

### ORDER

In accordance with Title 18 United States Code § 3148(b) of the Bail Reform Act, the Court held a detention hearing on February 1, 2006, following defendant's arrest for failing to appear at a hearing on a supervised release violation as ordered by this Court. The Court FINDS that the following facts mandate the revocation of the Order Setting Conditions of Release, entered herein on December 7, 2005, and the detention of the defendant.

Defendant was convicted on April 17, 2001, of felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) and 924(a)(2), a Class C Felony. Defendant was ordered to serve 65 months in prison, a three-year term of supervised release, and to pay a $100.00 special assessment. The Court also imposed general and special conditions on defendant's supervision. Defendant's supervised release began on September 2, 2005.

On November 15, 2005, a Petition on Supervised Release was filed with the Court indicating that defendant had violated his supervised release by failing to satisfactorily participate in a

drug treatment program, and by testing positive for the use of heroin and cocaine.  Subsequently, on November 21, 2005, an Addendum to Petition on Supervised Release was filed, indicating that defendant had again tested positive for heroin and cocaine use.[1]

A Summons was issued, directing defendant to appear before the Court on December 7, 2005, for a supervised release violation hearing.  Defendant appeared before the Court on that date at which time the matter was continued to December 14, 2005 for arraignment.  The Court directed appointment of counsel and placed defendant on a $1,500.00 unsecured bond.  As a condition of release, defendant was ordered to appear before the Court on December 14, 2005, at 9:00 a.m., and at all other times as required.

Defendant appeared as directed by the Court on December 14, 2005, for arraignment on supervised release violations.  At that time, a hearing on the supervised release violations was set for January 26, 2006, at 10:00 a.m. and defendant was continued on bond.

Defendant failed to appear on January 26, 2006, for the hearing on the supervised release violation.  The Court directed that a warrant be issued for defendant's failure to appear for his supervised release violation hearing.  A Warrant for Arrest was

---

[1]On December 15, 2005, an Additional Addendum to Petition on Supervised Release was filed with the Court, alleging that defendant had tested positive for morphine use.

issued on January 26, 2006.  Defendant was arrested and appeared before the Court on January 30, 2006, at which time he was ordered detained and directed to appear before the Court for arraignment on February 1, 2006.

Defendant appeared before the Court on February 1, 2006, for arraignment; a hearing on the alleged supervised release violations was set for February 7, 2006, beginning at 2:30 p.m.  At the time of his appearance on February 1, 2006, defendant waived his right to a  detention hearing.

A defendant may waive the right to a detention hearing guaranteed to him by statute.  See United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc).  In accepting the defendant's waiver, the Court notes that the defendant was represented by counsel at the detention hearing.  Taking into account the representations of counsel and the demeanor of the defendant, the Court FINDS that the defendant knowingly and intelligently waived his right to a detention hearing.

The Court also notes that defendant failed to appear as required by the terms and conditions of his release and is alleged to have used both heroin and cocaine, providing an independent basis for accepting defendant's waiver of his right to a detention hearing.

On the basis of defendant's waiver of his detention hearing, the Court ORDERS that the Order setting the terms and conditions of the defendant's release on bond be revoked and the defendant be

DETAINED pending his supervised release violation hearing.  <u>See</u> 18 U.S.C. § 3148(b).

Consequently, the Court further ORDERS the defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant.

                                        /s/
                            F. Bradford Stillman
                            United States Magistrate Judge

Norfolk, Virginia

February 1, 2006